FILED

**NOT FOR PUBLICATION**

SEP 24 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

YINHUI SHI,

              Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

              Respondent.

No. 12-72549

Agency No. A099-064-206

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 2, 2015
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

    Yinhui Shi, a native and citizen of China, petitions for review of a decision

of the Board of Immigration Appeals ("BIA") denying his claims for asylum,

withholding of removal, and protection under the Convention Against Torture

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

("CAT").[1]  The immigration judge found Shi not credible and denied his application, and the BIA affirmed.  Substantial evidence supports the determination that Shi was not credible and therefore cannot establish eligibility for relief.

Shi testified that he was arrested in China on March 26, 2004, after being discovered with a copy of a publication critical of the Chinese government.  He later testified that his son was two months old at the time.  But he also testified and stated in his application that his son was born on March 17, 2004, just nine days before his arrest.  Shi also testified that, two days after being released by the police, he went to a hospital, where he was told that a bone in his nose was dislocated.  Shi claimed he was punched in the nose on the first day of his detention and punched in his head and kicked five days later.  Shi testified that he was not released until nine or ten days after that.  However, medical records showed that Shi went to the hospital five days after he claimed to be released, not two, and that he told the doctor that his nose had been painful for only one day.

"[M]inor discrepancies in dates that . . . cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility." *Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) (ellipsis in original) (quoting *Singh*

---

[1] Shi made no argument in his opening brief regarding the BIA's rejection of his CAT claim.  That claim is thus waived.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

*v. Gonzales*, 403 F.3d 1081, 1092 (9th Cir. 2005)).  But it was not unreasonable for the BIA to expect Shi to remember that his second child was born just nine days, rather than two months, before he was supposedly arrested, beaten by police, and detained for over two weeks.  Nor was it unreasonable to expect him to recall when he sought treatment for the injuries he allegedly suffered.  We thus cannot say that the record in this case compels a contrary result.  *See* 8 U.S.C. § 1252(b)(4)(B); *Garcia v. Holder*, 749 F.3d 785, 789–91 (9th Cir. 2014).

**PETITION DENIED.**